

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 0 1 2017

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

ORIGINAL

**In the state of Georgia**
**Atlanta   Northern District of Georgia**

Lawyer J. Henderson &
All employees in Similar Situation
Plaintiff

Civil Action no: _____

**1:17-CV-3329**

Vs

Kevin Franklin
U.S. Security & Associates Inc.,   Aldi's
And All Others

<u>Jury Trial   Demanded</u>

### COMPLAINT FOR DAMAGES:

Comes now, Plaintiff Lawyer Henderson and all other employees in Similar Situation (Plaintiff or " Henderson) The Pro Se Litigant  filed this CLASS ACTION Lawsuit against Defendant U.S. Security & Associates LLC ( Defendant or U.S. Security & Associates) and for this complaint show the following:

1. <u>NATURE OF COMPLAINT</u>
   Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices describe herein.

2. This action seeks declaratory relief, along with liquated and actual damages, attorney's Fees and costs for defendant's failure to pay federally mandated overtime wages to plaintiff.  Defendant Failure to a minimum wage when plaintiff work for Client's customer, Aldi's, defendant's wage theft against plaintiff's check by deducting maintenance & cleaning in which defendant did not do or perform.  Defendant's failure to pay all hours worked and retaliating against plaintiff for having complained about all

violations under the fair Labor & Standard Act of 1938, as Amended, 29 U.S.C. S.C -201 et seq.(Hereafter the FLSA).

| II | JURISDISTRICTION AND VENUE |

3. The Jurisdiction of this court is invoked pursuant to 29 U.S.C. ( 216) and 28 U.S.C () 1331

4. Defendant is a Georgia Corporation and resides in this district. Defendant does business in and is engaged in commerce in the state of Georgia. Venue is proper in this district pursuant to 29 U.S.C -139(B) because defendant resides in this district and a substantial part of the events and omissions that gives rise to plaintiff's claim occurred in this district.

| III | PARTIES AND FACTS |

5. From July to July 18, 2016, Plaintiff was employed by defendant as a "Security officer" working in one of Defendant's client stores "Aldi's" in College Park, GA during this period, defendant treated plaintiff as non-exempt from the overtime requirements of the FLSA.

6. From July to July 18, 2016, while employed by defendant as Security Guard, Plaintiff was paid on an hourly basis and is entitled to overtime compensation for hours he worked in excess of (40) in given work weeks.

7. During the period of July, July 2016, Defendant suffered or permitted plaintiff to work in "Aldi's store without them being his primary job duties as a security guard. Also working overtime (40 hrs.) with receiving overtime compensation.

8. During the period of July-July 18, 2016, defendant maintained a policy of requiring plaintiff to work off the clock.

9. Defendant is an employer within the definition of the FLSA, 29 U.S.C 203(d).

10. Defendant is governed by and subject to the FLSA, 29 USC 204 and 207.

11. From July- July 18, 2016, Defendant failed to keep accurate time recording for all hours worked by plaintiff.

12. Plaintiff was an employee of defendant as that term has been by FLSA, 29 USC 201 et seq. 203(e).
13. Defendant is private employer engaged in interstate commerce, and its gross revenue exceed $500,000 per year.
14. From July, to July 18, Defendant fail to keep accurate time sheet records for all hours worked by plant.
15. Plaintiff is entitled to overtime pay for the hours over (40) in given workweeks. Defendant's practice violate the provisions of the FLSA 29. 201 USC 201. Including but not limited to 29 USC 207. As a result of defendant's unlawful practices, plaintiff has suffered lost wages.

### Count 1 Violation of the overtime wage requirement of the fair labor Standard Act

16. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraph of this complaint with the same force and effect as if set forth herein.
17. Defendant has violated the FLSA, 29 USC, 201, ET. SEQ including to 29 USC 207, by failing to pay overtime wages for hour's plaintiff worked.
18. Defendant Knew, or showed reckless disregard for the Defendant failed to pay Plaintiff overtime compensation in violation of the FLSA.
19. Defendant's violation of the FLSA were wilful and in bad faith.

### Count 11   violation of wage theft under fair Labor Standard Act

20. Defendant's failure to pay Plaintiff off the clock work. Whereas Plaintiff was told to show up 15 minutes before schedule shift. And was force to clock out by defendant although Plaintiff was still doing duties. 15 minutes to 30 minutes off the clock such as waiting to the last customer leave, which went over constantly throughout Plaintiff's employment.

21. Defendant deductions of maintence & uniforms fees from every check was a violation of FLSA of 1938.

### Count 111 Failure to pay a minimum wage for working Aldi's violation of FLSA

22. Defendant's client force Plaintiff to do additional duties for his client "Aldi" without paying a minimum wage which is violation of FLSA, 207, 209.
23. Compensation, Vacation pay, and other hours missing from Plaintiff's check is owe to him immediately, and defendant avoid paying Plaintiff thereof.
24. Defendant know about these facts for months met with defendants Marcus Zimmerman on July 23 to discuss the issues.

25. Defendant kept poor records of Plaintiff's timesheets and did n't pay plaintiff any compensation for all hours work, including overtime.

COUNT VI    RETAILATION OF  COMPLAINING ABOUT WAGE THEFT VIOLATION UNDER FLSA

26. Defendant was terminated for having complain about all violations under FLSA and was not giving any pay he was owe.
27. Pursuant to the FLSA, 29, USC< 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquated damages in an equal amount to unpaid overtime, attorney's fees, and the costs of this ligation incurred in connection with these claims.

### Prayer for relief

**Wherefore,** Plaintiff respectfully requests that this court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact:
(B)  Enter judgment against defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C.  206(d), 207, and 216, Liquidated damages as provided by 29 USC 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorney's fees pursuant to 29 USC, 216, and all other remedies allowed under the FLSA, and
(C)  Grant declaratory judgment declaring that plaintiff's rights have been violated:
(D) Grant plaintiff leave to add additional state law claims if necessary; and
(E) Award Plaintiff damages from retaliation, such further and additional relief as may be just and appropriate.

This 24th day of July, 2017.

_____          _____
Signature                                                               Date