IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LAWYER J. HENDERSON
and all employees in similar situations,

   Plaintiff,

     v.

U.S. SECURITY ASSOCIATES, INC.,
et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:17-CV-3329-TWT

## OPINION AND ORDER

This is a pro se FLSA action. It is before the Court on the Defendant U.S. Security Associates, Inc.'s Motion for Summary Judgment [Doc. 23]. For the reasons set forth below, the Defendant U.S. Security Associates, Inc.'s Motion for Summary Judgment [Doc. 23] is GRANTED.

### I. Background

The Defendant U.S. Security Associates, Inc. is a national security guard company with its headquarters in Roswell, Georgia.[1] The Defendant hired the Plaintiff Lawyer J. Henderson as a security guard on or around July 23, 2015.[2]

---

[1]     Def.'s Statement of Material Facts ¶ 1.

[2]     *Id.* ¶ 9.

The Defendant terminated the Plaintiff's employment in July 2016.[3] The Plaintiff alleges that he was terminated in retaliation for his complaints concerning the Defendant's compliance with the FLSA. The Defendant, in contrast, argues that the Plaintiff was terminated due to numerous performance issues during his employment.[4] For example, the Defendant contends that the Plaintiff was caught on camera sleeping while on the job in one instance.[5] In another instance, the Defendant asserts that the Plaintiff caused a security camera system to freeze by watching a movie on the computer while on duty.[6]

On March 3, 2017, the Plaintiff, with assistance of counsel, filed for bankruptcy in the U.S. Bankruptcy Court for the Northern District of Georgia.[7] In his initial petition, the Plaintiff did not list the claims in this lawsuit in his bankruptcy schedules.[8] On June 19, 2017, the Plaintiff amended his bankruptcy schedules.[9] In a portion of the schedules requiring him to list all claims against third parties, including whether he has filed a lawsuit or not, the Plaintiff stated

---

[3] *Id.* ¶ 28.

[4] *Id.* ¶ 13.

[5] *Id.* ¶ 14.

[6] *Id.* ¶ 25.

[7] *Id.* ¶ 37.

[8] *Id.* ¶¶ 38-39.

[9] *Id.* ¶ 40.

that he had a potential personal injury claim against MARTA.[10] Then, on September 1, 2017, the Plaintiff filed a Request to Convert from Chapter 13 to Chapter 7 bankruptcy.[11] On September 5, 2017, the Plaintiff, *pro se*, filed the Complaint in this action. On January 8, 2018, he again amended his schedule of assets in the bankruptcy proceedings.[12] The Plaintiff once again omitted the claims asserted in this action from the bankruptcy schedules.[13] On January 20, 2018, the Bankruptcy Court entered an order discharging the Plaintiff of all of his debts.[14] The Plaintiff never disclosed the existence of this lawsuit during the bankruptcy proceedings.[15]

In the Complaint, the Plaintiff asserts claims for violation of the overtime pay requirements under the FLSA, wage theft under the FLSA, failure to pay minimum wage under the FLSA, and retaliation for asserting complaints under the FLSA. The Plaintiff initially named Kevin Franklin, U.S. Security Associates, Inc., and Aldi's as the Defendants in this action. This Court dismissed the Plaintiff's class claims as frivolous, dismissed claims against Kevin Franklin, and allowed claims against the two corporate defendants to

---

[10]  *Id.*

[11]  *Id.* ¶ 41.

[12]  *Id.* ¶ 43.

[13]  *Id.* ¶ 43.

[14]  *Id.* ¶ 44.

[15]  *Id.* ¶ 46.

proceed.[16] The Defendant U.S. Security Associates, Inc. now moves for summary judgment.[17]

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[18] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[19] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[20] The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists.[21] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[22]

---

[16] *See* [Doc. 5].

[17] The Defendant Aldi's never appeared in this action, and it seems as if the Plaintiff never served process upon Aldi's in this action.

[18] FED. R. CIV. P. 56(a).

[19] *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970).

[20] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

[21] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

[22] *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

III. Discussion

The Defendant moves for summary judgment as to the Plaintiff's claims on multiple grounds. First, the Defendant argues that the Plaintiff is judicially estopped from asserting the claims in this action due to his failure to disclose them during his bankruptcy proceedings. Second, the Defendant argues that the Plaintiff lacks standing to pursue these claims due to the bankruptcy proceedings. Finally, the Defendant argues that the Plaintiff's FLSA claims fail on the merits. The Court concludes that the Defendant is entitled to summary judgment on its first two arguments, and thus need not address the merits of the claims.

A. Judicial Estoppel

First, the Defendant argues that the Plaintiff is barred from pursuing his claims in this case due to judicial estoppel. According to the Defendant, judicial estoppel bars the Plaintiff from asserting his claims because he omitted them from his bankruptcy petition.[23] "The equitable doctrine of judicial estoppel is intended to protect courts against parties who seek to manipulate the judicial process by changing their legal positions to suit the exigencies of the moment."[24] The rule's purpose "is to protect the integrity of the judicial process."[25] "Because

---

[23] Def.'s Mot. for Summ. J., at 2-3.

[24] *Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1176 (11th Cir. 2017).

[25] *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (internal quotations omitted).

the rule is intended to prevent improper use of judicial machinery, judicial estoppel is an equitable doctrine invoked by a court at its discretion."[26] "Stated simply, the doctrine of judicial estoppel rests on the principle that 'absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory.'"[27]

Judicial estoppel often arises in the context of bankruptcy proceedings. "A debtor who has filed for bankruptcy 'must file sworn disclosures listing his debts and his assets, including any pending civil claims, and identifying any lawsuits he has filed against others.'"[28] When a plaintiff fails to identify a pending civil claim as an asset in a bankruptcy proceeding, "a district court may apply judicial estoppel when a two-part test is satisfied: the plaintiff (1) took a position under oath in the bankruptcy proceeding that was inconsistent with the plaintiff's pursuit of the civil lawsuit and (2) intended to make a mockery of the judicial system."[29] "Under this test, a district court considers both the plaintiff's actions—whether he made inconsistent statements—and his motive—whether

---

[26] *Id.* at 750 (internal quotations and citations omitted).

[27] *Slater*, 781 F.3d at 1180-81 (quoting *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 358 (3d Cir. 1996)).

[28] *Weakley v. Eagle Logistics*, 894 F.3d 1244, 1245 (11th Cir. 2018) (quoting *Slater*, 871 F.3d at 1180)).

[29] *Slater*, 781 F.3d at 1180.

he intended to make a mockery of the judicial system."[30] Judicial estoppel should not be applied when these inconsistent positions were taken due to mistake or inadvertence because "judicial estoppel 'looks towards cold manipulation and not an unthinking or confused blunder.'"[31] In the past, Eleventh Circuit precedent "treated the fact of the plaintiff's omission as establishing the requisite intent."[32] However, in *Slater v. United States Steel Corporation*, the Eleventh Circuit "clarif[ied] that the district court must consider all the facts and circumstances in determining whether the plaintiff acted with the intent to make a mockery of the judicial system."[33]

There is no question that the first prong of the two part test is satisfied here because Henderson took an inconsistent position under oath in his bankruptcy proceeding.[34] The Plaintiff, after filing this lawsuit, amended his bankruptcy schedules without disclosing this lawsuit. Therefore, the Court need only decide whether the second prong of the test for judicial estoppel, intent to make a mockery of the judicial system, is met. To determine whether a

---

[30] *Id.* at 1181.

[31] *Id.* (quoting *Johnson Serv. Co. v. Transamerica Ins. Co.*, 485 F.2d 164, 175 (5th Cir. 1973)).

[32] *Id.* at 1180.

[33] *Id.*

[34] *Id.* at 1182 ("Turning back to our two-part test for applying judicial estoppel, the first part is satisfied because Slater took an inconsistent position under oath in her bankruptcy proceeding.").

plaintiff's inconsistent statements were intended to make a mockery of the judicial system, "a court should look to all the facts and circumstances of the particular case."[35] In *Slater*, the Eleventh Circuit explained that:

> When the plaintiff's inconsistent statement comes in the form of an omission in bankruptcy disclosures, the court may consider such factors as the plaintiff's level of sophistication, whether and under what circumstances the plaintiff corrected the disclosures, whether the plaintiff told his bankruptcy attorney about the civil claims before filing the bankruptcy disclosures, whether the trustee or creditors were aware of the civil lawsuit or claims before the plaintiff amended the disclosures, whether the plaintiff identified other lawsuits to which he was party, and any findings or actions by the bankruptcy court after the omission was discovered.[36]

Courts may also consider a litigant's explanation for the omission, though it need not give weight to that explanation.[37] This list of factors is not exhaustive. A court can "consider any fact or factor it deems relevant to the intent inquiry."[38]

The Court concludes that the Plaintiff intentionally misled the Bankruptcy Court. The Plaintiff failed to include this lawsuit in not only his initial bankruptcy petition, but also the several amendments that he made to his schedules and other filings during the bankruptcy proceedings.[39] And,

---

[35] *Id.* at 1185.

[36] *Id.*

[37] *Weakley*, 894 F.3d at 1246.

[38] *Slater*, 871 F.3d at 1185 n.9.

[39] *Weakley*, 894 F.3d at 1246 ("In concluding that Weakley intentionally misled the bankruptcy court, the district court considered that he not only failed to include the two lawsuits in his initial bankruptcy filings but he also failed to include them in any of the six separate amendments that he

although the Plaintiff had not yet filed the Complaint when he initially filed his bankruptcy petition, the initial petition asked him to list all claims against third parties, "whether or not you have filed a lawsuit or made a demand for payment."[40] The Plaintiff alleges in the Complaint that the Defendant retaliated against him for asserting his rights under the FLSA. Therefore, it is very likely that he was aware of the claims he had against the Defendant at the time he filed for bankruptcy despite not having yet commenced this action. Then, on January 8, 2018, the Plaintiff amended his schedule of assets after he had filed this lawsuit.[41] Furthermore, on June 19, 2017, the Plaintiff amended the bankruptcy schedules to include a potential personal injury claim against MARTA.[42] The Plaintiff's disclosure of that potential lawsuit while omitting this action shows that he understood the requirement to amend his disclosures but nonetheless chose not to disclose this action.[43] These factors are all compounded

---

made to his schedules and filings during the bankruptcy proceeding.").

[40]  Def.'s Statement of Material Facts ¶ 39.

[41]  *Id.* ¶ 43.

[42]  *Id.* ¶ 40.

[43]  *See Weakley*, 894 F.3d at 1246 (noting that the plaintiff's failure to disclose "as assets in the bankruptcy proceeding two other lawsuits he had filed, both of which were of much lesser potential value than the two nondisclosed ones" weighed in favor of finding an intent to make a mockery of the judicial system); *Harewood v. Miami-Dade Cty.*, No. 1:16-cv-21874-KMM, 2018 WL 1156010, at *5 (S.D. Fla. Mar. 1, 2018) ("Further, Plaintiff identified other civil lawsuits in the 2013 and 2014 Bankruptcy Proceedings yet still failed to disclose the present action in his initial filings. Plaintiff also understood the requirement to amend his disclosures—this is evident from Plaintiff's update to

by the fact that the Plaintiff *never* amended his bankruptcy filings to disclose this action to the Bankruptcy Court.[44] And, although the Plaintiff's level of sophistication weighs against finding that he had an intent to make a mockery of the judicial system – the Plaintiff is *pro se* in this action and portions of the bankruptcy proceedings – the other factors weigh in favor of finding that he had an intent to deceive. For these reasons, the Court concludes that the Plaintiff is judicially estopped from asserting these claims.

### B. Standing

The Defendant argues, alternatively, that the Plaintiff lacks standing to pursue his claims. According to the Defendant, the bankruptcy trustee, and not the Plaintiff, is the only party with standing to prosecute the Plaintiff's FLSA claim. The Court agrees. "The existence of standing 'is a jurisdictional

---

the bankruptcy court following initial filing.").

[44] *See Weakley*, 894 F.3d at 1246 ("[I]t was not until the defendants in both lawsuits had relied on his failure to disclose as grounds for dismissal of the lawsuits that Weakley finally amended his bankruptcy filings to disclose those two lawsuits and the claims they asserted."); *Wholesalecars.com v. Hutcherson*, No. 2:16-cv-00155-KOB, 2018 WL 1509509, at *4 (N.D. Ala. Mar. 27, 2018) ("Ms. Hutcherson had three opportunities to disclose her lawsuit. She omitted the lawsuit from her original bankruptcy schedules, denied under oath at the creditors meeting that she was suing anyone, and omitted the arbitration award from her amended bankruptcy schedules. She never attempted to disclose the lawsuit before Wholesalecars.com filed its motion to vacate after the Bankruptcy Court discharged her debts."); *Harewood*, 2018 WL 1156010, at *5 (finding that the fact that the plaintiff "also understood the requirement to amend his disclosures [which] is evident from Plaintiff's update to the bankruptcy court following initial filing" weighed in favor of finding that he had the necessary intent).

prerequisite to suit in federal court.'"[45] "The commencement of a bankruptcy case creates an estate comprised of virtually all of the debtor's assets."[46] An estate includes all legal or equitable interests of the debtor, including all pre-petition causes of action.[47] Thus, in certain circumstances, a bankruptcy trustee becomes the only party with standing to assert causes of action that belong to a bankruptcy estate.[48]

The Eleventh Circuit has recognized that a bankruptcy debtor's civil claim, when included in his or hers assets, will be treated differently depending upon whether the bankruptcy is a Chapter 7 or Chapter 13 proceeding.[49] "Because a Chapter 7 debtor forfeits his pre-petition assets to the estate, only the Chapter 7 trustee, not the debtor, has standing to pursue a civil legal claim unless the trustee abandons the asset, which then returns the claim to the possession and control of the debtor."[50] "Regardless of whether a bankruptcy debtor discloses its existence, a pre-petition cause of action is the property of the

---

[45] *Chen v. Siemens Energy Inc.*, 467 F. App'x 852, 853 (11th Cir. 2012) (quoting *Alabama v. U.S. Envtl. Prot. Agency*, 871 F.2d 1548, 1554 (11th Cir. 1989)).

[46] *Id.* (citing 11 U.S.C. § 541(a)(1)).

[47] *Id.*

[48] *Id.*

[49] *Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1180 (11th Cir. 2017).

[50] *Id.* (citing *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004)).

Chapter 7 bankruptcy estate."[51] In contrast, "a Chapter 13 debtor retains standing to continue to pursue the civil claim."[52] "Thus, a Chapter 13 debtor may continue to control the lawsuit and the terms of any settlement."[53]

The Court concludes that the Plaintiff lacks standing to assert these claims. Initially, the Plaintiff filed for bankruptcy on March 3, 2017, pursuant to Chapter 13 in the U.S. Bankruptcy Court for the Northern District of Georgia.[54] However, on September 1, 2017, the Plaintiff filed a Request to Convert from Chapter 13 to Chapter 7.[55] On January 20, 2018, the Bankruptcy Court entered an order under Chapter 7 discharging the Plaintiff of all of his debts.[56] Since the Plaintiff filed for Chapter 7 bankruptcy, his claim became part of the bankruptcy estate. "[A] trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the only party with standing to

---

[51] *Jones v. Clayton Cty.*, 184 F. App'x 840, 842 (11th Cir. 2006) (citing *Parker*, 365 F.3d at 1272).

[52] *Slater*, 871 F.3d at 1180 (citing 11 U.S.C. § 1303).

[53] *Id.* (quoting *Crosby v. Monroe Cty.*, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004)).

[54] Def.'s Statement of Material Facts ¶ 37.

[55] *Id.* ¶ 41.

[56] *Id.* ¶ 44.

prosecute causes of action belonging to the estate."[57] The bankruptcy trustee thus became the only party with standing.

And, the fact that the Bankruptcy Court discharged the Plaintiff from bankruptcy does not alter the Court's conclusion. There is no indication in the record that the Plaintiff ever disclosed the existence of this action during the bankruptcy proceedings.[58] Thus, the trustee could not have abandoned this property, and it remains in the bankruptcy estate.[59] "At the close of the bankruptcy case, property of the estate that is not abandoned under § 554 and that is not administered in the bankruptcy proceedings remains the property of the estate."[60] "Failure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate."[61] Here, the Plaintiff's FLSA claim became an

---

[57] *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004) (citing 11 U.S.C. § 323).

[58] Def.'s Statement of Material Facts ¶ 46.

[59] *Parker*, 365 F.3d at 1272; *Chen v. Siemens Energy Inc.*, 467 F. App'x 852, 853-54 (11th Cir. 2012).

[60] *Parker*, 365 F.3d at 1272 (citing 11 U.S.C. § 554(d)).

[61] *Id.*; *see also Mobility Sys. & Equip. Co. v. United States*, 51 Fed. Cl. 233, 236 (Fed. Cl. 2001) ("Courts have made it clear that the bankruptcy estate trustee cannot abandon property to the debtor at the close of the bankruptcy case if that property or interest was never listed on a bankruptcy schedule. Failure to list the interest on a bankruptcy schedule leaves that interest in the bankruptcy estate."). In contrast, "if a cause of action is listed on a schedule so the trustee may knowingly abandon it, courts will consider it outside the bankruptcy estate once the bankruptcy case is closed." *Id.* "The key is whether the trustee had full disclosure so that knowing abandonment of the property could be made." *Id.*

asset of the bankruptcy estate when he filed his bankruptcy petition.[62] The trustee then became the "real party in interest" in the Plaintiff's FLSA suit.[63] Since the Plaintiff never disclosed the existence of this claim, the trustee never abandoned it, and it remains in the bankruptcy estate. Consequently, the bankruptcy trustee is the real party in interest in this action. Since the Plaintiff lacks standing, the Defendant is entitled to summary judgment.[64]

### C. Settlement Discussions

Finally, in its Reply Brief, the Defendant requests the Court to "remove from the public record the confidential settlement communications included in Plaintiff's filing."[65] In his filings in response to the Defendant's Motion for Summary Judgment, the Plaintiff includes settlement communications between the parties.[66] Rule 408 of the Federal Rules of Evidence requires exclusion of "conduct or a statement made during compromise negotiations about the claim."[67] However, this rule does not require the Court to strike these filings from the record. Rule 408 pertains only to the admissibility of settlement

---

[62] *Parker*, 365 F.3d at 1272.

[63] *Id.*

[64] Since the Plaintiff lacks standing to pursue these claims, the Court need not address the merits of the Plaintiff's FLSA claims.

[65] Def.'s Reply Br., at 2.

[66] *See, e.g.*, [Doc. 25-21].

[67] FED. R. EVID. 408(a)(2).

negotiations as evidence at trial. It does not address whether such agreements are confidential and must be kept from the public record. Although it is correct that this proposed settlement agreement would most likely not be admissible at trial, the Defendant has not shown that it should be struck from the public record. Absent some other argument for why the Plaintiff's filings should be struck from the public record, the Defendant's request is denied.

## IV. Conclusion

For the reasons stated above, the Defendant U.S. Security Associates, Inc.'s Motion for Summary Judgment [Doc. 23] is GRANTED.

SO ORDERED, this 17 day of October, 2018.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge